Charles WHEELER, Doing Business As
Wheeler International, Plaintiff,

v.

VALLEY IMPLEMENT COMPANY,
INC., Defendant.

No. CV–83–150–GF.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 1, 1984.

Susan E. Broadbent, Yukon, Okl., Richard Thweatt, Helena, Mont., for plaintiff.

James R. Walsh, Smith, Baillie & Walsh, Great Falls, Mont., for defendant.

MEMORANDUM AND ORDER

HATFIELD, District Judge.

FACTS

The pertinent facts are as follows: On April 17, 1978, plaintiff and George Higgins, Sr., entered into a retail installment contract for the sale of two combines. A down payment of $23,000.00 was paid, and Higgins, Sr., agreed to pay the balance of $72,000.00 in eight installments. Plaintiff retained a security interest covering the remaining indebtedness. A financing statement covering the machines was properly filed in Oklahoma. The combines were delivered to George Higgins, Jr., who utilized them in his custom harvesting business. The payment due on August 1, 1979, was not made. In either August of 1978 or August of 1979, Higgins, Jr., apparently without the knowledge or consent of Higgins, Sr., sold the combines to defendant. On March 19, 1982, Higgins, Sr. filed a voluntary petition in bankruptcy in the Bankruptcy Court in Oklahoma. That

court, on April 29, 1983, decreed that said combines were deemed abandoned from the estate of Higgins, Sr. The instant action was commenced by plaintiff on September 8, 1983.

## ISSUE

Plaintiff brings the present action to foreclose on its security interest, and for the proceeds of any resulting sale, or, in the alternative, makes a claim *in assumpsit*. The issues are, first, whether a claim lies *in assumpsit*, and second, whether the claims are barred by the applicable statute of limitations. Defendant has filed a motion to dismiss, claiming that the statute of limitations has run on plaintiff's claims.

## DISCUSSION

 The pending motion to dismiss shall be treated as a motion for summary judgment, because the parties have chosen to present, for the court's consideration, matters outside the pleadings. Rule 12(b), Fed.R.Civ.P. A reasonable opportunity has been afforded the parties to submit the fruits of discovery for the court's consideration. An interrogatory answer filed by defendant indicates that both combines have been sold by defendant to third parties. Thus, plaintiff has no claim *in assumpsit* against Valley Implement, either for the original debt or for the proceeds of resale. *Beneficial Finance Co. v. Colonial Trading Co.*, 43 Pa.Dist. & Co.Rpts.2d 131, 4 UCC 672 (C.P.1967). Plaintiff may, however, under the circumstances of this case, state a claim for conversion against this defendant. *Id.; ITT Industrial Credit Co. v. H & K Machine Service Co.*, 525 F.Supp. 170 (D.Mo.1981); *and see*, WHITE AND SUMMERS, *Uniform Commercial Code*, § 26–7, pp. 1103–4 (2d ed. 1980).

 Applying Montana law, because this cause of action accrued here, a three year statute of limitations is indicated. § 27–2–204(1) M.C.A. (General Tort Actions). The critical inquiry centers on when the statute began to run, and whether it was tolled by George Higgins, Sr.'s petition in bankrupt-

cy. The latter inquiry must be answered in the negative. The authority cited by plaintiff is unpersuasive, as it deals with a secured creditor's attempt to repossess and sell property held by the debtor, and a stay of such proceedings following the debtor's filing of a petition in bankruptcy. Here, however, as noted above, plaintiff could proceed against either Higgins, Sr., *or defendant*, once the latter purchased the collateral. An action against Higgins, Sr. would undoubtedly be affected by his petition in bankruptcy, though it is probable that a claim of this type could be extricated from the bankruptcy proceeding. Any stay brought about by Higgins, Sr.'s bankruptcy, however, would be personal to him. Plaintiff cites no authority, and the court finds no authority, for the proposition that actions against purchasers of collateral from a bankrupt party are also stayed, or subject to a tolling of the statute of limitations.

When, therefore, did plaintiff's conversion claim against defendant accrue? Plaintiff attempts to place the focus of that inquiry upon transactions between itself and George Higgins, Sr. This lawsuit, however, names Valley Implement as the defendant, and thus, it would be an act of that entity which would result in the accrual of this claim. Valley Implement did two things which are arguably actionable: it purchased the secured collateral from Higgins, Jr., and it later resold the combines. As already stated, the act of purchasing the collateral in an unauthorized sale was actionable. *See, also*, U.C.C. § 9–306(2); *Strevell-Paterson Finance Co. v. May*, 77 N.M. 331, 422 P.2d 366 (N.M.1967). There is a substantial dispute over when that sale occurred, plaintiff alleging August 1979 and Valley Implement alleging August 1978. That dispute may be substantial, but it is not material—precluding summary judgment—because a claim in conversion, with a three-year limitations period, is barred using either date. Plaintiff might argue that the conversion claim did not accrue until, or that a "new" claim accrued

when, Valley Implement resold the collateral. Filed discovery indicates that the resale took place "immediately following" the initial sale to Valley Implement, and plaintiff has made no showing, as would be necessary to resist the instant motion, that such resale took place within three years of its September 8, 1983 complaint. Rather, the facts strongly suggest that the resale took place long before September 8, 1980.

Plaintiff advocates application of Montana's eight year statute of limitations, under § 27–2–202(1) M.C.A., for actions upon contracts. Plaintiff contends that an action to foreclose on a security interest created by a retail installment contract is "an action upon a contract founded in writing." Specifically, Wheeler argues that the right to enforce a security interest "coexists" with the right to enforce the contract which gave rise to the security interest. This court disagrees. The unauthorized sale by Higgins, Jr. did not divest the prior perfected security interest of plaintiff. U.C.C. § 9–306(2); *Bank of Va. Central v. Taurus Constr. Co.*, 30 N.C.App. 220, 226 S.E.2d 685 (N.C.). Wheeler International's contract was with George Higgins, Sr.; defendant was not a party to that contract. Wheeler could pursue its claims against Higgins, Sr. by virtue of that contract, but its claim against this defendant sounds in tort. *See,* ANDERSON, UNIFORM COMMERCIAL CODE, § 9–306:19 p. 313 (1st ed. 1971); *ITT Indust. Credit Co. v. H & K Machine Service Co., supra.* The general tort statute of limitations in Montana bars claims after three years. § 27–2–204(1), M.C.A. If this were classified as an action for the recovery of personal property, § 27–2–207, M.C.A. would prescribe a two year period of limitations. Since the claims here are in no sense "actions upon a contract", they are clearly barred as untimely.

For the reasons set forth above, IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment be, and the same hereby is, GRANTED, and this action is DISMISSED.